UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-2332(DSD/KMM)

Frances Elaine Butler,

        Plaintiff,

v.                             **ORDER**

Leech Lake Band of Ojibwe,
Faron Jackson, Arthur LaRose,
And Robert Whipple,

        Defendants.

    Frances Elaine Butler, pro se, 4248 Grimes Ave. N., Robbinsdale, MN 55422.

    Christopher Bryan Murray, Esq. and Jason Dean Decker, Esq., Leech Lake Band of Ojibwe, 190 Sailstar Dr. N.E., Cass Lake, MN 56633 and 2438 27th Ave. S., Minneapolis, MN 55406, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants Leech Lake Band of Ojibwe, Faron Jackson, Arthur LaRose, and Robert Whipple. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This employment dispute arises from plaintiff Frances Butler's employment with the Leech Lake Band of Ojibwe (Band). The individually defendants have management roles within the Band. Compl. at 2.

Butler worked as a director for the Band from June 5, 2018, to March 31, 2020.  Id. at 4.  In January 2020, Butler reprimanded a receptionist – Jackson's niece – for "inappropriate text messages and creating a 'Hostile Work Environment.'"  Id.  Butler alleges that defendants thereafter subjected her to retaliation and harassment.  Id.  She specifically alleges that she was given large projects with short deadlines, isolated from the tribal council and management events, demoted, and ultimately fired.  Id. at 6.

According to Butler, on or about March 13, 2020, she heard that she had been demoted to an administrative assistant and that her younger assistant would take her place as a director.[1]  Id. at 4, 6.  None of the Band managers discussed this demotion with her, however.  Id. at 4.

On March 16, 2020, Butler filed a grievance against Jackson, Band chairman.  Id.  Whipple, the Band's human resources manager, responded that the Band would terminate her employment  if she pursued the grievance.  Id.  Butler then filed a charge of discrimination with the Equal Employment Opportunity Commission

---

[1] Butler asserts that defendants violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) by widely discussing her demotion. Compl. at 6.  She does not allege, however, that defendants disclosed her medical records or personal health information, nor does she allege a claim under HIPAA.  As a result, the court will not address this issue.

(EEOC) alleging age discrimination, wage theft, retaliation, and harassment. Id. On August 12, 2020, the EEOC dismissed the charge and issued a right to sue letter. Id. at 27.

Although the timeline is unclear, at some point Butler learned that she was going to be laid off. Id. at 4. A Band council member informed her that she could not be fired without a "Full Council Meeting." Id. It nevertheless appears that the Band terminated her employment without such a meeting.[2] Id. The Band terminated Butler on March 31, 2020, but she was not notified until April 24, 2020. Id. at 8. Butler claims that she has suffered financial, physical, and emotional harm caused by defendants' actions.

On November 16, 2020, Butler commenced this action, alleging age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634; violation of the Equal Pay Act (EPA), 29 U.S.C. § 206(d); retaliation, harassment, intimidation, and wrongful demotion and termination, all presumably under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e; and unidentified violations of state law.

---

[2] The Band appears to contend that Butler left her employment voluntarily. Compl. at 7. The issue has been litigated through the Minnesota Unemployment Insurance Program in Butler's favor. Id. at 9-13.

3

Defendants now move to dismiss for lack of jurisdiction.

**DISCUSSION**

I. **Federal Claims**

Defendants argue that Butler's federal claims must be dismissed for lack of jurisdiction due to tribal sovereign immunity. The court agrees.

   A. **Standard**

A party may move to dismiss a complaint for lack of subject matter jurisdiction based on sovereign immunity under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as defendants do here. Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995). Because defendants facially challenge subject matter jurisdiction, the court must examine the pleadings to determine if jurisdiction exists. Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). In so doing the court accepts all factual allegations in the pleadings as true, and views them in the light most favorable to the plaintiff. Cmty. Fin. Grp., Inc. v. Republic of Kenya, 663 F.3d 977, 980 (8th Cir. 2011). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

4

**B. Sovereign Immunity**

Indian tribes such as the Band are "distinct, independent political communities, retaining their original natural rights in matters of local self-government." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 55 (1978) (internal quotation marks and citation omitted). Although "no longer possessed of the full attributes of sovereignty," tribes retain the right to make their own law regarding internal matters, and to enforce that law in tribal court. Id. at 55-56 (internal quotation marks and citation omitted). As such, "an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Ok. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). "A tribe's sovereign immunity also ... extend[s] to tribal officials in their official capacity, provided the tribe had the authority to take the action it delegated to the official." Ferguson v. SMSC Gaming Enter., 475 F. Supp. 2d 929, 931 (D. Minn. 2007). There is a "strong presumption" in favor of tribal sovereign immunity. Smith v. Babbitt, 875 F. Supp. 1353, 1359 (D. Minn. 1995).

Here, the Band has not waived immunity and the statutes on which Butler bases her claim - the ADEA, EPA, and Title VII – lack Congressional abrogation of the Band's sovereign immunity. See

5

Harper v. White Earth Human Res., No. 16-cv-1797, 2016 WL 8671911, at *6 (D. Minn. Oct. 7, 2016); see also Humenansky v. Bd. of Regents of the Univ. of Minn., 958 F. Supp. 439, 441 (D. Minn. 2007) ("Congress must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself.") (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 243 (1985)). As such, the Band is immune from suit.

Even if the Band were not immune from suit, Butler cannot establish that the court has jurisdiction over the subject matter of this action. Butler's claims arise under three federal statutes – the ADEA, the EPA, and Title VII. None of those statutes applies to Indian tribes when the matters at issue are purely internal, as here. See Ferguson, 475 F. Supp. 2d at 931 ("Title VII claims cannot be brought against Indian tribes or their agencies or businesses" because it expressly states that the term "employer" does not include "an Indian tribe"); E.E.O.C. v. Fond du Lac Heavy Equip. & Constr. Co., 986 F.2d 246, 250 (8th Cir. 1993) (holding that the ADEA does not apply to Indian tribes); Snyder v. Navajo Nation, 382 F.3d 892, 895 (9th Cir. 2004) (holding that the Fair Labor Standards Act, which includes the EPA, does not apply to Indian tribes when the law would interfere with tribal self-government).

Butler likewise is unable to proceed against the individual defendants. Butler sued each individually named defendant in their individual capacities. But Title VII and the ADEA do not provide for liability of individually named defendants in any capacity. See Henderson v. City of Minneapolis, No. 12-cv-12, 2013 WL 5653453, at *4 (D. Minn. Oct. 16, 2013) (noting that Title VII and the ADEA "do not attach liability to individual employees"). As to the EPA, although it does not prohibit individual liability, the court is persuaded that Butler is precluded from bringing such a claim against individual officers as representatives of the Band, just as she is precluded from bringing an EPA claim against the Band.

**II. State Law Claims**

To the extent Butler attempts to raise state law claims, those claims are also not properly before the court. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 350 n.7 (1988));

7

see also Kapaun v. Dziedzic, 674 F.2d 737, 739 (8th Cir. 1982) ("The normal practice where federal claims are dismissed prior to trial is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts.").

Based on consideration of the above-stated factors, the court declines to exercise supplemental jurisdiction over any state law claims. See Farris v. Exotic Rubber & Plastics of Minn., Inc., 165 F. Supp. 2d 916, 919 (D. Minn. 2001) ("State courts, not federal courts, should be the final arbiters of state law.") (quoting Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)). The court therefore also dismisses the state law claims without prejudice.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 10] is granted; and
2. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 28, 2021

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court